## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| LAWRENCE ADAMCZYK, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 19-cv-1380-NJR |
| | ) | |
| | ) | |
| IDOC, WARDEN SULLIVAN, | ) | |
| DIRECTOR OF IDOC, and | ) | |
| IDOC STAFF, | ) | |
| | ) | |
| Respondents. | ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Petitioner Lawrence Adamczyk, a civilly committed pretrial detainee of the Illinois Department of Corrections ("IDOC") who is currently housed at Big Muddy River Correctional Center ("Big Muddy"), brings this petition for writ of mandamus pursuant to 28 U.S.C. § 1651. Adamczyk seeks an Order from the Court directing IDOC officials to transport him to the social security office in order to obtain his Social Security Disability Insurance ("SSDI") benefits.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Petition

Adamczyk is a civilly committed individual under the Illinois Sexually Dangerous Persons Act ("SDPA"), 725 ILCS 205/1.01 *et seq.* When Adamczyk first arrived at Big Muddy, he was receiving SSDI benefits, but the benefits stopped (Doc. 1, p. 1). Adamczyk asked IDOC officials how he could fix the issue so that he could start receiving benefits again, and officials told him that he would have to go to the social security office to address the issue (*Id*. at p. 2). Adamczyk believes that it is part of IDOC's ministerial duties to transport him to the nearest social security office in order to obtain his SSDI benefits. He points out that IDOC officials routinely transport prisoners outside of the prison to meet their needs, including to provide prisoners with healthcare (*Id*. at p. 2). Adamczyk believes that officials should transport him to the nearest social security office to obtain his SSDI benefits and retroactive payments (*Id*. at p. 3).

## Discussion

Two different federal statutes govern writs of mandamus. *See* 28 U.S.C. § 1361 and 28 U.S.C. § 1651. Adamczyk invokes 28 U.S.C. § 1651. But Section 1651 does not vest the Court with jurisdiction to issue writs of mandamus against state officials and only allows federal courts to "issue all writs necessary or appropriate in aid of *their respective jurisdictions* and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a) (emphasis added). Further, Section 1361 does not provide the Court with jurisdiction as federal mandamus jurisdiction is limited to actions against "an officer or employee of the United States or any agency thereof." 28 U.S.C. § 1361. Adamczyk does not pursue relief from an officer or employee of the United States or one of its agencies.

Although Adamczyk cites to the Fifth, Thirteenth, and Fourteenth Amendments, none of these Amendments provides for a writ of mandamus. Adamczyk also has made it very clear to the

Court that he does not intend to file a civil rights suit under 42 U.S.C. § 1983, although he does cite to Section 1983 in his Petition (See Doc. 1, p. 1; Doc. 7, Doc. 9 at pp. 1-2). Adamczyk recently filed a notice to the Court stating that his Petition is not a lawsuit but a petition seeking a writ of mandamus pursuant to Section 1651 and that he merely cited to specific Amendments to support his Petition but did not intend to sue individuals under those Amendments (Doc. 9 at pp. 1-2). To the extent Adamczyk wishes to pursue a civil rights action, he would have to file a new case after first exhausting his administrative remedies.

### Pending Motions

Adamczyk's Motion for Reconsideration Regarding Order Directing Prisoner Payment (Doc. 9) is **DENIED**. The Petition was filed pursuant to 28 U.S.C. § 1651 which has a $400 filing fee. Because Adamczyk was granted *in forma pauperis* status, his filing fee remains $350. The Court notes that Adamczyk's obligation to pay the filing fee for this action was incurred at the time the action was filed, and thus the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockish*, 133 F.3d 464, 467 (7th Cir. 1998).

### Disposition

For these reasons, this Petition for Writ of Mandamus is **DISMISSED without prejudice** for lack of federal jurisdiction. Adamczyk is **ADVISED** that this dismissal shall not count as one of his allotted "strikes" under the provision of 28 U.S.C. § 1915(g). *See Hairy v. Lemon*, 656 F.3d 521 (7th Cir. 2011).

If he wishes to appeal this Order, Adamczyk must file a notice of appeal with this Court within the time allotted in Fed.R.App.P. 4(a)(1)(A). If Adamczyk does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* Fed.R.App.P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th

Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. He must

list each of the issues he intends to appeal in the notice of appeal and his motion for leave to appeal

*in forma pauperis*. *See* Fed .R. App. P. 24(a)(1)(C). A proper and timely motion filed pursuant to

Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. Fed. R. App. P. 4(a)(4).

A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment,

and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:  2/11/2020**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**