IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LAWRENCE ADAMCZYK,

    Plaintiff,

v.

IDOC, WARDEN SULLIVAN,
DIRECTOR OF IDOC, and IDOC
STAFF,

    Defendants.

Case No. 19-cv-1380-NJR

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on Plaintiff Lawrence Adamczyk's motion for reconsideration (Doc. 12). Adamczyk argues that his case should have been construed as a habeas petition which is subject to a $5.00 filing fee.

The Seventh Circuit has held that a motion challenging the merits of a district court order will automatically be considered as having been filed pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedures. *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994). "[W]hether a motion filed within [28] days of the entry of judgment should be analyzed under Rule 59(e) or Rule 60(b) depends on the substance of the motion, not on the timing or label affixed to it." *Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008) (emphasis in the original) (citing *Borrero v. City of Chicago*, 456 F.3d 698, 701-02 (7th Cir. 2006) (clarifying that "the former approach—that, no matter what their substance, all post-judgment motions filed within [28] days of judgment would be considered as Rule 59(e) motions—no longer applies")). Nevertheless, a motion to reconsider filed more than

28 days after entry of the challenged order "automatically becomes a Rule 60(b) motion." *Hope v. United States*, 43 F.3d 1140, 1143 (7th Cir. 1994) (citing *United States v. Deutsch*, 981 F.2d 299, 301 (7th Cir. 1992)); *see also Talano v. N.W. Med. Faculty Found., Inc.*, 273 F.3d 757, 762 (7th Cir. 2001).

The Court finds that Adamczyk's motion falls under Rule 59(e) given the timing of the motion (within 28 days of the relevant Order) and due the nature of his arguments. A motion to alter or amend judgment filed pursuant to Rule 59(e) may only be granted if a movant shows there was a mistake of law or fact, or presents newly discovered evidence that could not have been discovered previously. *Matter of Prince*, 85 F.3d 314, 324 (7th Cir. 1996), *reh'g and suggestion for reh'g en blanc denied, cert. denied* 519 U.S. 1040; *Deutsch v. Burlington N. R. Co.*, 983 F.2d 741 (7th Cir. 1993). "'[M]anifest error' is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal citations omitted). A movant may not use a Rule 59(e) motion to present evidence that could have been submitted before entry of the judgment. *Obriecht*, 517 F.3d at 494 (citing *Sigsworth v. City of Aurora, Ill.*, 487 F.3d 506, 512 (7th Cir. 2007)).

Adamczyk argues that he intended his Petition to be filed as a writ of habeas corpus pursuant to 28 U.S.C. § 2242. He also cites to §§ 2243 and 2248. Those sections focus on procedures for seeking a writ. Presumably, Adamczyk meant to refer to 28 U.S.C. § 2254, which deals with writs of habeas corpus by state inmates on grounds that he is "in custody in violation of the Constitution or laws…of the United States." A petition for a writ of habeas corpus is the proper route "[i]f the prisoner is seeking what

can fairly be described as a quantum change in the level of custody—whether outright freedom, or freedom subject to the limited reporting and financial constraints of bond or parole or probation, or the run of the prison in contrast to the approximation to solitary confinement that is disciplinary segregation." *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991). If, however, the prisoner "is seeking a different program or location or environment, then he is challenging the conditions rather than the fact of confinement and his remedy is under civil rights law." *Id.*; *see also Pischke v. Litscher*, 178 F.3d 497, 499-500 (7th Cir. 1999). Adamczyk did not seek a change in his custody, he sought a change in his condition of confinement. He sought access to the social security office. His original Petition also cited to 28 U.S.C. § 1651 and 42 U.S.C. § 1983 and sought an order compelling IDOC officials to take him to the social security office so that he could obtain disability insurance (Doc. 1, pp. 1-3). Thus, the Petition was properly construed as a Petition for Writ of Mandamus rather than a Writ of Habeas Corpus.

Accordingly, the motion to reconsider is **DENIED**.

**IT IS SO ORDERED.**

DATED:   April 8, 2020

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**